Judge Underwood,
delivered tho opinion of the court.
Green Clay, in consideration of $>100 and natural love, conveyed to his sons various tracts of land by deed, bearing date in July 1828. Part of the land so conveyed was, at the time, in the adverse possession of Wyatt, against whom an action of ejectment was instituted by the sons of G. Clay. The only question presented is, was the deed from G. Clay to his sons void under the act approved January 7, 1824, to revive and amend the law relative to cham-perty and maintenance, and more effectually to secure the dona JLde occupants of land. That the deed is void, so far as it may operate upon the land in the adverse possession of Wyatt, according to the literal meaning of the act, is too plain to admit of any doubt. But it is contended that such a deed as the present, being obviously intended by the grantor for the advancement of his children, does not come within the *584 spirit of the act, and that the Legislature used the word purchase in its popular and not in its technical sense. Wherefore, it is insisted that the deed is not void. The principal object of the Legislature in passing the act in question, was to protect the occupants of land. A father might have claims which he would be unwilling to litigate in his own name, because of his liability for costs, and which he would willingly transfer to a son, a nephew or a cousin in consideration of natural love, and afford him an opportunity to profit by the litigation. Such a transaction would tend to defeat the main object of the Legislature, which was to throw obstacles in the way of asserting doubtful rights, to the prejudice of occu- and hence we think the policy of theactincludes voluntary conveyances as well as those founded on valuable considerations. The Legislature did not inter'd to permit any one to put it in the power of another to harrass or sue an occupant, when he was unwilling to meet the responsibility in his proper per-gon> Devisees are excepted from the operation of the act, although they take as purchasers, and it does not operate upon titles which pass by descent. Thus a man is permitted to transfer titles, after his death, which conflict with occupants, and which may not have been asserted in the life time of the claimants. But there is reason for this, the claimant may have intended to assert his right, and may have been prevented by death. The Legislature did not intend to prevent the recovery of a man’s right, but it was not intended that he or others should speculate upon doubtful claims, to the disturbance of the occupant. The construction contended for, would tolerate that some extent which was the great mischief the Legislature intended to guard against. We are, therefore, of opinion that the policy of the act re- ~ ~ exception in favor of devisees shews that the Legislature so intended. That exception excludes all other exceptions, and hence a voluntary conveyance to a son cannot be admitted as an exception. quires that we should give to the word purchase, as used ih the act, its technical meaning. Besides, the
Actofl 824 to revive and amend the law relative to champerty and mainten-anee, embraces voluntary as weiías0eS those founded on valuable consideration
In construe-to champerty and maintenance, the word apur‘chase?’’ will 1 taken in its dechmcal wufbe
Crittenden, Mills and Brown, for plaintiffs; More-head for defendant.
Judgment affirmed with costs.
,Note: — Absent, Chief Justice Robertson.